IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL MCCLENDON, | ) | CASE NO. 1:17 CV 0589 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN WAINWRIGHT, | ) | |
| | ) | **REPORT AND** |
| Respondent. | ) | **RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Darrell McClendon for a writ of habeas corpus under
28 U.S.C. § 2254.[2]  In 2014, McClendon pled guilty to trafficking in persons with a
forfeiture specification in the Cuyahoga Court of Common Pleas[3] and is serving a
sentence of 15 years.[4]  He is currently incarcerated at the Marion Correctional Institution
in Marion, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Jack Zouhary by non-document order dated April 20, 2017.
[2] ECF No. 1.
[3] *Id.* at 1.
[4] *Id.* at 2.
[5] https://appgateway.drc.ohio.gov/OffenderSearch

In his petition, McClendon raises one ground for habeas relief.[6]  The State has filed a return of the writ arguing that the petition should be dismissed because it is without merit.[7]  McClendon has filed a traverse.[8]

For the reasons that follow, I will recommend McClendon's petition be denied because the decision of the state appeals court on the single ground for relief asserted here was not an unreasonable application of clearly established federal law.

## Facts

### A.      Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

On October 14, 2014, a Cuyahoga County Grand Jury indicted McClendon and two co-defendants on 15 counts of trafficking in persons, one count of promoting prostitution, one count of drug possession in violation of R.C. 2925.11(A), and one count of possessing criminal tools.[10]  The charges arose of out McClendon's operation of a prostitution ring in which he allegedly preyed on women who were addicted to heroin, increased their heroin dosage, and then forced them to engage in prostitution in exchange for heroin to feed their addictions.[11]  Each of the trafficking in persons counts included a repeat violent offender specification, and Count 18 included a forfeiture specification.

---

[6] ECF No. 1.
[7] ECF No. 8.
[8] ECF No. 11.
[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court.  28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).
[10] ECF No. 8, Attachment 2 at 49.
[11] *Id.*

2

McClendon entered a plea of not guilty to each of the charges, and trial was set for December 8, 2014.[12]

After engaging in plea discussions, the parties advised the trial judge that a plea agreement had been reached.[13] McClendon agreed to plead to an amended Count One, trafficking in persons that included all seven victims, and to forfeit the property listed in the forfeiture specification in Count 18.[14] In exchange, the state agreed to dismiss the repeat violent offender specification in Count One and all other counts.[15] The trial court confirmed with defense counsel that the state had accurately described the plea agreement and that there was a factual basis for McClendon to plead guilty to the charge.[16]

The trial court then asked McClendon whether he understood the terms of the plea agreement.[17] McClendon responded, "Yes, I kind of do," but asked the trial judge a question regarding the Jane Does referenced in Count One as amended.[18] The trial judge explained the amendment of Count One and the effect of the amendment of that count.[19] The trial judge confirmed with McClendon that his response had answered McClendon's question.[20]

---

[12] *Id.*
[13] *Id.* at 50.
[14] *Id.* at 51.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

The trial judge then proceeded with the plea colloquy.[21]  He asked McClendon a number of preliminary questions and confirmed that no threats or promises had been made to induce McClendon to enter his plea and that he was satisfied with his counsel.[22] McClendon disclosed that he could read but had dropped out of school in the seventh grade and that he was taking several psychotropic medications.[23]  The trial court engaged McClendon in a lengthy dialogue regarding the purpose for which he was taking the medications, his mental health diagnoses, the length of time he had been taking the medications, changes in his medication, and the effect of the medications.[24]  After concluding that McClendon was sufficiently lucid to enter a guilty plea and confirming with McClendon that he still wished to proceed with the plea, the trial court continued with the plea colloquy.[25]

The trial court advised McClendon of his constitutional rights and confirmed that McClendon understood the rights he would be giving up by entering a guilty plea.[26] McClendon then pled guilty to the amended Count One.[27]  The trial court found that McClendon had entered his plea knowingly, intelligently, voluntarily, and "with very

---

[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.* at 52.
[26] *Id.*
[27] *Id.*

clear lucidity" and accepted his guilty plea.[28]  In accordance with the plea agreement, the remaining counts against him were "nolled."[29]

The trial court sentenced McClendon to 15 years in prison and five years of mandatory post-release control, and he was classified as a Tier II sex offender/child victim offender.[30]

## B.      Direct Appeal

### 1.      *Ohio Court of Appeals*

On June 25, 2015, McClendon, *pro se*, filed a motion to file a delayed appeal[31] along with his notice of appeal[32] to the Ohio Court of Appeals.  The Court of Appeals granted McClendon's motion to file a delayed appeal and appointed counsel to represent him.[33]  In his brief, McClendon filed the following assignment of error:

> 1.      The Trial Court erred when it accepted Mr. McClendon's guilty plea despite evidence that Mr. McClendon was not mentally capable of entering a plea at that time.[34]

The State filed a brief in response.[35]  The Ohio appeals court overruled the assignment of error and affirmed the decision of the trial court.[36]

---

[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.* at 14.  Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed.  *See Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case).
[32] *Id.* at 27.
[33] *Id.* at 29.
[34] *Id.* at 31.
[35] *Id.* at 36.
[36] *Id.*. at 47.

## 2.      *The Supreme Court of Ohio*

McClendon, through counsel, thereupon filed a timely[37] notice of appeal[38] with

the Ohio Supreme Court.  In his brief in support of jurisdiction, he raised the following

proposition of law:

> 1.      When, during a plea colloquy, a Defendant presents evidence that he
> is presently mentally incompetent, a trial court abuses its discretion
> when it does not refer the Defendant for a psychological evaluation
> before accepting the plea.[39]

The State did not file a response.  On October 5, 2016, the Supreme Court of Ohio

declined jurisdiction pursuant to S. Ct. Prac. R. 7.08(B)(4).[40]

## C.      Petition for writ of habeas corpus

On March 20, 2017, McClendon, *pro se*, timely filed[41] a federal petition for habeas

relief.[42]  As noted above, he raises one ground for relief:

> **GROUND ONE**:      Plea not knowingly, voluntarily and intelligently made
> in violation of the 5th, 6th and 14th Amendments.
>
> **Supporting Facts:**      This petitioner was taking psychotropic medication which had
> just been changed and it is obvious that he was not lucid to
> legally enter any plea of which the court had to be aware.

---

[37] *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed
within 45 days of entry of the appellate judgment for which review is sought.).  *See
Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day
limit) (unreported case).  The Court of Appeals decision was filed on April 21, 2016, and
McClendon's appeal to the Ohio Supreme Court was filed on June 6, 2016; thus, it is
timely.
[38] *Id.* at 68.
[39] *Id.* at 92.
[40] *Id.* at 100.
[41] The present petition for federal habeas relief was filed on March 20, 2017.  ECF No. 1.
As such, it was filed within one year of the conclusion of McClendon's direct appeal in
the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).
[42] ECF No. 1.

Colloquy requirements were not kept resulting in an unconstitutional plea.

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that McClendon is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[43]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[44]

3. In addition, McClendon states,[45] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[46]

4. Moreover, subject to any procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[47]

5. Finally, McClendon is not represented by counsel and he has not requested the appointment of counsel,[48] nor has he requested properly an evidentiary hearing to develop the factual bases of his claims.[49]

---

[43] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).
[44] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).
[45] *See* ECF No. 1 at 12.
[46] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).
[47] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).
[48] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.
[49] 28 U.S.C. § 2254(e)(2). McClendon requested an evidentiary hearing in his traverse, not in his original petition. New issues may not be raised in the traverse. "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." *Burns v.*

**B.    Standards of review**

*1.    AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[50]

codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ

of habeas corpus.[51]  Pursuant to AEDPA, a federal court shall not grant a habeas petition

with respect to any claim adjudicated on the merits in state court unless the state

adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established [f]ederal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the [s]tate court
> proceeding.[52]

The Supreme Court teaches that this standard for review is indeed both "highly

deferential" to state court determinations[53] and  "difficult to meet,"[54] thus preventing

petitioner and federal court alike "from using federal habeas corpus review as a vehicle to

second-guess the reasonable decisions of state courts."[55]

---

*Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) (citation omitted).  Thus, this Court
need not address this request.
[50] Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[51] *See* 28 U.S.C. § 2254 (2012).
[52] 28 U.S.C. § 2254(d) (2012).
[53] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).
[54] *Id.* (citation omitted).
[55] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

a.    *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[56]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[57] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case;[58] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[59]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[60]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[61]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[62]  When no such Supreme Court holding exists, the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it

---

[56] *Howes v. Fields*, 132 S. Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).
[57] *Brumfield v. Cain*, 135 S. Ct. 2269, 2293 (2015).
[58] *Id.*
[59] *Id.*
[60] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).
[61] *Id.*
[62] *See id.*

9

unreasonably to the facts of the petitioner's case.[63]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[64]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[65]   To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[66]  Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.      *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[67]  Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[68]  A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first

---

[63] *White v. Woodall*, 134 S. Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).
[64] *Id.* (quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003)).
[65] *Id.*
[66] *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).
[67] *Brumfield*, 135 S. Ct. at 2277.
[68] 28 U.S.C. § 2254(e)(1) (2012).

instance."[69]  While such deference to state court determinations does not amount to an

"abandonment or abdication of judicial review" or "by definition preclude relief,"[70] it is

indeed a difficult standard to meet.  "The role of a federal habeas court is to guard against

extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of

factual findings and to substitute its own opinions for the determination made on the

scene by the trial judges."[71]

## C.      Application of standards

As noted, McClendon raises as the sole issue in his habeas petition that his guilty

plea was not knowing, voluntary, or intelligent because he was taking psychotropic

medication at the time of his plea hearing and so was "not lucid enough" to enter a valid

plea.[72]  The State contends that the state appellate court decision considered and rejected

this same argument and it was not an unreasonable application of clearly established

federal law, thus precluding federal habeas relief.[73]  McClendon's traverse maintains that

the trial court did not properly evaluate his competence and so its determination should

not be the basis for deferring to the findings of the state court in this case.[74]

As is well-established, a plea of guilty must be made knowingly, voluntarily, and

with sufficient awareness of the relevant circumstances in order to comply with Due

---

[69] *Brumfield*, 135 S. Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).
[70] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).
[71] *Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citation omitted).
[72] ECF No. 1.
[73] ECF No. 8 at 5.

Process.[75]  A plea must represent the voluntary and intelligent choice among the alternative courses of action open to the defendant.[76]  The knowing and voluntary nature of a plea is generally established by the transcript of the plea hearing[77] and cannot be inferred from a silent record.[78]

The existence of a mental illness does not, of itself, render a plea invalid.[79] Further, a defendant's use of medication at the plea hearing also does not *per se* invalidate a plea.[80]  The factual findings by a state court that a plea was proper is entitled to a presumption of correctness unless the transcript of the plea hearing is an inadequate basis for that finding.[81]  In that regard, a trial court's determination of a defendant's competency is akin to a trial court's determination of a witness's credibility, and so is accorded a presumption of correctness in federal habeas proceedings.[82]  No specific test or evidentiary hearing is mandated; rather, the test is whether the determination is "fairly supported by the record."[83]

Here, the state appeals court extensively discussed the transcript of the plea hearing, paying particular attention to McClendon's claim that his use of psychotropic medication at the time of his entering the plea rendered him incapable of making a valid

---

[74] ECF No. 11 at 6.
[75] *Boykin v. Alabama*, 395 U.S. 238, 244 (1968).
[76] *North Carolina v. Alford*, 400 U.S. 23, 31 (1970).
[77] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004), *cert. denied*, 543 U.S. 892 (2004).
[78] *Boykin*, 395 U.S. at 243.
[79] *Duskey v. United States*, 362 U.S. 402 (1960).
[80] *U.S. v. Sawasky*, 578 F. App'x 475, 479 (6th Cir. 2014).
[81] *Garcia v. Johnson*, 991 F.2d 324, 326-27 (6th Cir. 1993).
[82] *Mackey v. Dutton*, 217 F.3d 399, 411-14 (6th Cir. 2000) (citations omitted).
[83] *Id.* at 414.

plea.  As fully recounted by the State in its return of the writ, the Ohio appeals court

observed that the plea colloquy specifically addressed:

- McClendon's diagnosis of schizophrenia;

- The medication he was currently taking;

- When his medication was last changed;

- The perceived effects of the medication;

- Whether McClendon had received a "psych referral" or whether McClendon's counsel had any concerns regarding McClendon's competency to enter a plea; and

- The fact that McClendon knowingly had entered five prior guilty pleas in previous cases.[84]

The Ohio appellate court then went on to note that the trial court "went to great

lengths" to ensure that McClendon "fully understood the proceedings and was entering

his plea knowingly, intelligently[,] and voluntarily."[85]  The court found that the transcript

of the plea hearing "reflects that McClendon participated in and clearly understood the

proceedings," and was aware of the consequences of entering the plea.[86]  The appeals

court emphasized that the trial court "had an opportunity to speak with McClendon and

observe his reactions to the trial court's questions."[87]  The appellate court found that

McClendon's "answers were responsive and support the conclusion that he

---

[84] ECF No. 8 at 12-13 (citing transcript).
[85] *Id.* at 13 (quoting record).
[86] *Id.* (quoting record).
[87] *Id.* (quoting record).

comprehended the questions directed to him by the trial court.  The record does not show someone who was confused or did not know what was going on."[88]

The appeals court further quoted the plea hearing directly on the issue of McClendon's use of medication and its effect on his mental status:

THE COURT: Do you feel mentally healthy enough to go through with this plea?

THE DEFENDANT: I'll be all right.

THE COURT: You will be all right or are you okay?

THE DEFENDANT: Yeah, I'm okay.[89]

At the conclusion of this lengthy analysis the Ohio court found:

McClendon has not shown that his mental condition or the medications he was taking at the time of his plea affected his judgment or understanding and does not claim that there was anything about the proceedings or his plea that he did not understand.  There is nothing in the transcript that indicates that McClendon did not understand the implications of his plea and the rights he was waiving by pleading guilty.  Accordingly, we find that McClendon's guilty plea was knowingly, intelligently and voluntarily made and that the trial court did not err in accepting his guilty plea.[90]

As detailed above, the Ohio appeals court carefully and with particularity reviewed the plea colloquy and concluded that the trial court had a clear basis in the record for determining that McClendon was fully capable of entering a valid plea.  That finding of the trial court, as noted, is a factual finding that here is presumed correct.  The

---

[88] *Id.* (quoting record).
[89] *Id.* at 14-15 (quoting record).
[90] *Id.* at 15 (quoting record).

conclusion of the appeals court that McClendon's plea was valid is entitled to AEDPA deference.

## **Conclusion**

For the reasons stated, I recommend that Darrell McClendon's *pro se* petition for a writ of habeas corpus be denied because the decision of the state appeals court on the single ground for relief asserted here was not an unreasonable application of clearly established federal law.

Dated:  November 13, 2018                          s/ William H. Baughman, Jr.
                                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[91]

---

[91] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).