IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Darrell McClendon, | Case No. 1:17 CV 589 |
| Petitioner, | ORDER ADOPTING R&R |
| -vs- | JUDGE JACK ZOUHARY |
| Warden Wainwright, | |
| Respondent. | |

**INTRODUCTION**

Petitioner *pro se* Darrell McClendon seeks a writ of habeas corpus (Doc. 1). In December 2014, he pled guilty to human trafficking in Ohio state court and is now serving a fifteen-year sentence (Doc. 8-2 at 12–13). In his Petition, McClendon contends that this Court must vacate his guilty plea because mental illness rendered him incompetent at the time of the plea (Doc. 1 at 5). The Ohio Court of Appeals rejected this argument in 2016. *State v. McClendon*, 2016-Ohio-2630 (2016).

Under Local Civil Rule 72.2(b)(2), the Petition was automatically referred to Magistrate Judge William Baughman. Judge Baughman later issued a Report and Recommendation (R&R) (Doc. 12). The R&R concludes this Court should deny the Petition because McClendon fails to overcome the deference afforded to state court decisions in habeas proceedings (*id.* at 15). *See* 28 U.S.C. § 2254(d). McClendon objects (Doc. 15).

**ANALYSIS**

When a habeas petitioner properly objects to an R&R, this Court reviews the subject of the objections *de novo*. 28 U.S.C. § 636(b)(1). An objection must "specifically identify the portions of

the [R&R] . . . to which objection is made and the basis for such objections." Local Civil Rule 72.3(b). "A general objection to the entirety of the magistrate's report" is effectively no objection at all. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

McClendon raises three objections to the R&R. His "primary objection . . . is the magistrate's incorrect determination that the state court's decision . . . was constitutional" (Doc. 15 at 2). This objection is insufficiently specific to trigger *de novo* review. *See Howard*, 932 F.2d at 508–09.

The second objection is specific but inaccurate. McClendon claims the R&R "fail[s] to consider numerous factual elements of the state court transcript" (Doc. 15 at 2). He lists various statements that he made to the trial judge before his plea, all of which the R&R supposedly ignored (*id.* at 2–4). For example, McClendon told the trial judge during colloquy that he was hearing voices, did not feel clearheaded, and was taking medication prescribed to treat his mental illness (*id.*). The R&R did not ignore these statements. It reviewed the state appellate court opinion affirming McClendon's guilty plea (Doc. 12 at 12–14), and that opinion discussed the statements in detail. *McClendon*, 2016-Ohio-2630, at ¶¶ 20–21. That opinion emphasized that, later in the colloquy, McClendon admitted he was not hearing voices at the time, said he felt mentally fit to plead, gave answers responsive to the trial judge's questions, asked the trial judge specific questions about his plea agreement, and recalled statements the trial judge made earlier in the proceedings. *Id.* at ¶¶ 21–25. The appellate court also attributed some weight, though not dispositive weight, to the opinion of McClendon's attorney that McClendon was "very lucid" and not in need of a psychological exam. *Id.* at ¶ 22. The R&R concludes that this analysis "carefully and with particularity reviewed the plea colloquy . . . [providing] a clear basis . . . for determining that McClendon was fully capable of entering a valid plea" (Doc. 12 at 14).

McClendon's third objection is irrelevant. He asserts that the trial judge administered a constitutionally inadequate "sanity test" (Doc. 15 at 2). The contents of this putative test are recorded in the trial court transcript (Doc. 8-3 at 4):

| | |
|---|---|
| THE COURT: | Okay. Mr. McClendon, how are you doing today? |
| THE DEFENDANT: | Do you want me to stand up? |
| THE COURT: | No, you can stay seated. |
| THE DEFENDANT: | Good -- |
| THE COURT: | Okay. |
| THE DEFENDANT: | -- now, sir. |
| THE COURT: | Well, that was a sanity test. You passed. What do you want me to know? |

If the trial court had stopped there, McClendon might be entitled to habeas relief. But it did not. Instead, the court carefully probed McClendon's mental state through further questioning (*id.* at 19–27). The Ohio Court of Appeals affirmed McClendon's guilty plea based on that further questioning, without reference to or apparent consideration of the sanity-test exchange. So did the R&R. Consequently, the exchange gives this Court no reason to reject the R&R's recommendation.

## CONCLUSION

This Court overrules each of these objections as discussed above. The R&R (Doc. 12) is adopted in its entirety, and the Petition (Doc. 1) is denied. Also, McClendon has not made a substantial showing of the denial of a constitutional right, so this Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

IT IS SO ORDERED.

                                                                                   s/ *Jack Zouhary*
                                                                                    JACK ZOUHARY
                                                                                    U. S. DISTRICT JUDGE

                                                                                   April 10, 2019